UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

VICTOR MANUEL PLATERO PEREZ          CIVIL ACTION NO. 26-1147

VERSUS                               JUDGE ALEXANDER C. VAN HOOK

SHAD RICE, ET AL.                    MAGISTRATE JUDGE McCLUSKY

## MEMORANDUM RULING

The petitioner, Victor Manuel Platero Perez ("Perez"), a citizen of El Salvador, filed a complaint for declaratory, injunctive, and mandamus relief. Record Document 1. In his complaint, Perez asked for release from federal immigration detention based on an alleged violation of the Fifth Amendment's due process clause. *Id.* at 25. According to Perez, United States Citizenship and Immigration Services ("USCIS") failed to timely adjudicate his application for a T visa. *Id.* at 5.

Since then, federal immigration authorities have removed Perez to his country of origin, El Salvador, and Perez has filed a motion to change venue to the District of Vermont where his T visa application is before the USCIS Vermont Service Center. Record Document 11.

A district court may transfer a civil case to "any other district or division where it might have been brought" for the "convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The party seeking transfer must "show good cause" by demonstrating "that the transferee venue is clearly more convenient than the venue chosen by the plaintiff." *In re Volkswagen of Am., Inc.*, 545 F.3d 304,

315 (5th Cir. 2008). However, before considering a venue transfer, the Court must determine that it has subject matter jurisdiction. *Miller v. Warren Transp., Inc.*, No. 18-173, 2019 WL 11593056, at *1 (S.D. Tex. Feb. 7, 2019) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding that all courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.")).

In this case, the Court finds that it lacks subject matter jurisdiction to order a transfer of venue. Although Perez sought different forms of relief, his complaint hinged on the request for a stay of removal and release from immigration custody. *See* Record Document 1 at 22-23. Perez admitted in his complaint that removal would moot his application for a T visa because "the T-visa process requires that the applicant be physically present in the U.S. until the final approval. If he is detained and removed, [Perez] will be categorically denied the opportunity to obtain a T-visa and legal permanent residency." *Id.* at 24.

Perez's removal, as he has admitted, means that he is no longer eligible for a T visa. As such, the demands in Perez's complaint for an order compelling USCIS to adjudicate his application are moot. Furthermore, because Perez has been removed, his detention has come to an end, and this Court could no longer order his release, which is the other relief Perez demanded in his complaint. *See Francis v. Lynch*, 622 F. App'x 455 (5th Cir. 2015). Therefore, the Court finds that Perez's complaint is moot,

2

and the Court lacks subject matter jurisdiction to order his transfer to another venue.

The Court will dismiss Perez's complaint without prejudice.

**DONE AND SIGNED** at Shreveport, Louisiana, this 15th day of June, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE